389 A.2d 587

Joseph KUZMICS and Ann Kuzmics, Appellants,

v.

Manuel SANTIAGO, Conway W. Gift, and the City
of Bethlehem.

Superior Court of Pennsylvania.

Argued Sept. 14, 1977.

Decided July 12, 1978.

36

William G. Ross, Bethlehem, with him Sigmon, Littner & Ross, Bethlehem, for appellants.

No appearance entered nor brief submitted for appellee, Conway W. Gift.

Robertson B. Taylor, Bethlehem, for appellee, City of Bethlehem.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is taken from an order of the court en banc denying appellants' motion to remove a compulsory nonsuit

entered in favor of the City of Bethlehem. The sole issue for our consideration is whether the court erred in refusing to take off the nonsuit. For the following reasons, we hold that it did, and consequently reverse the order of the court below and remand for trial.

■ Our review of the propriety of the lower court's decision is governed by the standard that a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977). A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion. *Paul v. Hess Brothers, Inc.*, 226 Pa.Super. 92, 312 A.2d 65 (1973). Plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *Jurich v. United Parcel Service of New York, Inc.*, 239 Pa.Super. 306, 361 A.2d 650 (1976). Viewing the evidence in this light, the following facts may be adduced.

Shortly before midnight on February 17, 1974, two police officers of the City of Bethlehem seated in their patrol car observed a vehicle driven by Manuel Santiago enter an intersection they were patrolling. After deciding that the driver of the vehicle was exceeding the speed limit, the officer initiated pursuit with flashing lights and siren. The pursued vehicle increased its speed and proceeded through the next intersection on a green light, with the police car approximately fifty feet behind. The chase continued another block through a red traffic signal, where both cars turned right, and through a stop sign after the light. Pursuit proceeded several more blocks through intersections controlled by traffic lights, some red and some green, with both vehicles travelling in the oncoming lane of traffic to pass the normal flow of traffic. Both vehicles reached

speeds in excess of sixty miles per hour. At a point approximately two miles from where the chase originated, the pursued vehicle ran one final red light, and collided with a vehicle entering an intersection from the Bethlehem Steel factory. At the time of the collision, the police vehicle was approximately fifty to seventy-five feet behind the pursued vehicle.

Appellant Joseph Kuzmics, a passenger in the vehicle lawfully in the intersection, sustained personal injuries from the collision, and instituted an action in trespass against the host driver, the driver of the pursued vehicle, and the City of Bethlehem. At the close of plaintiffs' case, the trial judge granted the City's motion for a compulsory nonsuit. The court en banc denied appellant's motion to remove the nonsuit, and this appeal followed.

Our review of the evidence leads us to the conclusion that the jury could reasonably have concluded that the City of Bethlehem, through its agents, violated the standard of care owed appellants. We note at the outset that the emergency doctrine,[1] which exempts certain vehicles from

1. As to speed restrictions, the Vehicle Code provides:
   The speed limitations set forth in this section shall not apply to vehicles, when operated with due regard for safety, under the direction of the police in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation, nor to fire department or fire patrol vehicles when traveling in response to a fire alarm, nor to ambulances when traveling in emergencies. The exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others.
   Act of April 29, 1959, P.L. 58, § 1002(f), *as amended,* 75 P.S. § 1002(f) (1971).
   Similar exceptions exist in the Vehicle Code as to right of way (§ 1014(b)), stop signs (§ 1016(d)), and traffic signals (§ 1028(d)). These provisions have been interpreted to require that a person seeking recovery from a municipality for injury caused by an emergency vehicle must prove recklessness rather than ordinary negligence. *Feruzza v. Pittsburgh,* 394 Pa. 70, 145 A.2d 706 (1958). However, the new Vehicle Code, effective July 1, 1977, provides that drivers of emergency vehicles exercise "due regard for the safety of all persons." Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3105 (1977).

speed limits and other Vehicle Code restrictions, may not protect the city in this case.[2] Regardless of this fact, plaintiffs have alleged reckless disregard for the safety of others, and are entitled to have their evidence submitted to a jury.[3]

Both appellee and the lower court cite cases from other jurisdictions in support of the proposition that a municipality cannot be held liable for injuries caused by a pursued vehicle.[4] We do not find these authorities persuasive for several reasons. First, the leading cases denying municipal liability as a matter of law ground their holdings in conceptions of the duty of policemen to arrest lawbreakers.[5] We

2. In *Cavey v. Bethlehem*, 331 Pa. 556, 1 A.2d 653 (1938), our Supreme Court held that pursuing and clocking a speeding automobile is not such an emergency duty as to come within the emergency vehicle exemption of the Motor Vehicle Act of 1929. However, the Court applied the recklessness standard in *Roadman v. Bellone*, 379 Pa. 483, 108 A.2d 754 (1954), and *Herron v. Silbaugh*, 436 Pa. 339, 260 A.2d 755 (1970), yet cited *Cavey* for the proposition that it may be questionable whether pursuit of a speeding automobile comes within the statutory exemption. In light of appellant's allegation of recklessness, we need not decide the issue here.

3. Pennsylvania has adopted the reckless disregard standard of the Restatement of Torts as follows:
   The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.
   Restatement, Torts § 500 (1938), *cited in Reilly v. Philadelphia*, 328 Pa. 563, 195 A. 897 (1938).
   Paragraph 12 of plaintiff's complaint alleges that the City's negligence through its employees of the police department consisted of "operating the vehicle in a reckless and dangerous manner. . ." Although inartfully pleaded, this allegation is nevertheless a sufficient averment of reckless disregard.

4. A collection of the cases on this point appears in Annot., 83 A.L.R.2d 452 (1962), and 1 Meyer, Law of Vehicle Negligence in Pennsylvania § 4.32 (1970).

5. *See, e. g., U. S. v. Hutchins*, 268 F.2d 69 (6th Cir. 1959); *Draper v. Los Angeles*, 91 Cal.App.2d 315, 205 P.2d 46 (1949); *Chambers v. Ideal Pure Milk Co.*, 245 S.W.2d 589 (Ky.1952).

do not perceive the issue in terms of the duty of police to pursue and apprehend summary violators regardless of risk or cost, nor do we see the question posed in terms of tying the hands of the police and permitting "leisurely escapes." Rather, we address the problem mindful of the fact that

> Exceptional circumstances may make it reasonable to adopt a course of conduct which involves a high degree of risk or serious harm to others. However, conduct which creates so grave a risk cannot be justified as reasonable unless the end, which cannot be gained except by pursuing it, is itself of very great social value.
>
> *Reilly v. Philadelphia*, 328 Pa. 563, 569, 195 A. 897 (1938), *quoting* Restatement, Torts § 500, comment (a) (1938).

However, available statistics indicate the existence of a very grave risk, but a very questionable social value:

> More than 500 Americans die and over 1,000 sustain major injuries each year as a result of rapid police pursuit of lawbreakers, most of whom are guilty of only minor traffic offenses . . . one pursuit in five leads to a traffic fatality (and) in only one percent of the cases was someone in the car wanted for violent crimes. . . . Twenty percent of the pursued cars had been stolen.[6]

■ Under these circumstances, where negligence or recklessness has been alleged, and evidence of such conduct has been introduced, it is illogical and inconsistent with existing Pennsylvania law to deny liability as a matter of law on the sole basis that the pursued vehicle, and not the police pursuer, was physically involved in the collision. In fact, as previously indicated, the legislature has apparently increased the applicable standard of care for drivers of emergency vehicles by providing that they shall operate their vehicles with "due regard for the safety of all persons," and eliminating reference to the reckless disregard standard.

6. Survey by Physicians for Automotive Safety reported to American Medical Association annual convention, June, 1968, quoted in Meyer, § 4.32, p. 14 (1970).

The policy argument that we might unduly restrict legitimate law enforcement performance unless we hold non-liability as a matter of law has little support. Our appellate courts have consistently held that where similar questions are raised in cases arising from direct collisions between emergency vehicles and third parties, those questions must be resolved by the fact-finder. *See e. g., Feruzza v. Pittsburgh,* 394 Pa. 70, 145 A.2d 706 (1958); *Roadman v. Bellone,* 379 Pa. 483, 108 A.2d 754 (1954); *Cavey v. Bethlehem,* 331 Pa. 556, 1 A.2d 653 (1938); *LaMarra v. Adam,* 164 Pa.Super. 268, 63 A.2d 497 (1949). Furthermore, better-reasoned cases from other jurisdictions hold that in situations similar to the one here, negligence or recklessness and proximate causation are jury questions. *See Myers v. Town of Harrison,* 438 F.2d 293 (2d Cir. 1971); *Schatz v. Cutler,* 395 F.Supp. 271 (D.Vt.1975); *Mason v. Bitton,* 85 Wash.2d 321, 534 P.2d 1360 (1975).[7]

In this case, we feel that the jury must determine whether the municipality, through the acts of the police officers, breached the standard of care owed to appellant. Moreover, although the relevant facts here were not disputed by the parties, we cannot say that the remoteness of the causal connection between the defendant's acts and plain-

---

7. Existing lower court authority in Pennsylvania is divided on the question. In *Giza v. Kingston Borough,* 57 Luzerne L.Reg. 225 (1967) and *Long v. Lesher,* 10 Leb. 169 (1964), trespass actions were instituted against the respective municipalities after high speed chases ended in loss of control of the pursued vehicles and death of the drivers. Both courts held that the issue of proximate causation of the drivers' deaths is for the jury, and overruled a demurrer by each municipality. On the other hand, the court in *Gallagher v. Swiderski,* 45 Erie 67 (1960), sustained a demurrer to a complaint against the municipality by the administratrix of decedent who was killed after a collision with the pursued vehicle, in the absence of contact by the police vehicle.

We are persuaded by the result and reasoning of *Emery v. Borough of Lewistown,* No. 187 May Term, 1971 (C. P. Mifflin 1976), *aff'd. per curiam*—247 Pa.Super. 623, 373 A.2d 1145 (1977), where the court refused to grant the municipality's motion for judgment n. o. v., after decedent's executrix obtained judgment against the borough following a high speed chase that resulted in decedent's vehicle being run off the road by the pursued vehicle.

42

tiffs' injury clearly appears, so as to pass on the question of proximate cause as a matter of law. *See Clevenstine v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970). Factors to be considered by the factfinder include speed of pursuit, the area of pursuit, and the presence or absence of audible and visual warnings. Where, as here, evidence has been presented that the pursuing officers continued their chase into an area that they knew was highly congested with both pedestrian and vehicular traffic, that evidence must be assessed by the jury. Additionally, where one party alleges the existence of an emergency, he must plead that emergency to justify his violation of the rules of the road. *Mashinsky v. Philadelphia,* 333 Pa. 97, 3 A.2d 790 (1939).

After examining the testimony of both police officers in the court below, we find that although the lights and siren were used during the pursuit, the policemen testified that they were both familiar with the area where the collision occurred, and well aware of the fact that a shift change occurs at midnight. In fact, Officer Miller, the passenger in the police vehicle testified that he was employed by Bethlehem Steel for more than six years, and was aware of the existence of additional pedestrian and vehicular traffic around the plant during shift changes. Given this evidence, we hold that the questions of whether the officers acted improperly in continuing their high-speed pursuit into the area of the plant at the time of a shift change and whether this action proximately concurred in causing plaintiffs' injury, were for the jury.

Accordingly, the order of the court en banc refusing to take off the compulsory nonsuit is reversed, and the case is remanded for trial.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.