545 A.2d 962

Theresa Bickert, Appellant *v.* Borough of Riverside et al., Appellees.

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*John A. Statler, Goldberg, Katzman & Shipman, P.C.,* for appellant.

*Robert B. Hoffman, Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 21, 1988:

Theresa Bickert appeals a Northumberland County Common Pleas Court order sustaining the preliminary objections of the Borough of Riverside (Borough) and

the Riverside Borough Police Department (Department). We affirm in part and reverse and remand in part.

Bickert was a passenger in a vehicle driven by defendant Chris Share when it crossed into a speed detection zone set up by the Department. Upon ascertaining that the Share vehicle was speeding, a patrolman initiated pursuit which developed into a high-speed chase and ended when Share's vehicle crashed. Bickert was rendered a quadraplegic and another passenger, Wayne Force, was killed.[1]

Bickert filed a complaint against the Borough and Department, averring that the police negligently engaged in pursuit and that the Department negligently failed to train and instruct its officers and establish procedures and guidelines for vehicular pursuits.[2] The common pleas court dismissed the complaint based on its determination that none of Bickert's allegations of negligence fell within the vehicle liability exception to governmental immunity under Section 8542(b)(1) of the Judicial Code (Code), 42 Pa. C. S. §8542(b)(1), commonly referred to as the Political Subdivision Tort Claims Act.

The vehicle liability exception provides:

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the

---

[1] A suit was filed by the estate of Wayne Force in *Force v. Watkins,* 118 Pa. Commonwealth Ct. 87, 544 A.2d 114 (1988).

[2] Bickert was granted leave to amend her complaint. Bickert now contends that in light of the common pleas court's disposition she should have been granted leave to file yet another amended complaint. In light of our ruling, we need not address the issue.

local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

Bickert contends that her complaint clearly alleges negligence with respect to the *operation* of the police vehicle. The common pleas court, however, interpreted the complaint as challenging only the police officers' decision to pursue the Share vehicle; it found no allegations that the police drove in excess of the speed limit or otherwise operated the vehicle in violation of the Vehicle Code.

In her amended complaint, Bickert specifically alleges:

26. That at the aforesaid time and place, the defendant Borough of Riverside was negligent, careless and/or reckless in that its servants, agents and/or employees, members of the Riverside Borough Police Department:

(a) While operating a police vehicle owned by the defendant, Borough of Riverside, engaged in a high-speed motor vehicle pursuit based upon an alleged motor vehicle violation where the vehicle of defendant Share was being operated at 47 Mph in a 35 Mph speed zone, knowing, or having reason to know, that such high-speed pursuit would expose other persons, including the plaintiff, who was a passenger in the vehicle being pursued, to an unreasonable risk of harm;

. . . .

(h) Failed to exercise reasonable care under the circumstances; and

(i) Were otherwise negligent, careless and/or reckless under the circumstances.

Amended Complaint, pp. 11-12.

In an appeal from a common pleas court order sustaining preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom. *McNeill v. City of Philadelphia,* 104 Pa. Commonwealth Ct. 494, 522 A.2d 174 (1987).

While we agree with the common pleas court that the more pronounced theory of negligence within Bickert's complaint was the *decision* to pursue the vehicle in the first instance,[3] we conclude that the complaint states a cognizable claim fitting within the purview of the vehicle liability exception. Paragraph 26(a) of the complaint avers that a high-speed vehicular pursuit was initiated by police from which it is easily inferred that the police vehicle was operated in excess of the speed limit. Thus, a fact question as to the degree of care exercised by the police officer in operating his own vehicle while pursuing the Share vehicle is raised, which question is not properly decided by a Court in this procedural posture.[4] Although the substantive exceptions to immunity set forth in the Code are to be interpreted narrowly, *City of Philadelphia v. Love,* 98 Pa. Commonwealth Ct. 138, 509 A.2d 1388 (1986), *aff'd,* 518 Pa. 370, 543 A.2d 531 (1988), pleadings which raise a colorable theory of liability consistent with

---

[3] Bickert's complaint alleges that the police negligently decided to pursue the Share vehicle because they had already identified Share as the driver. Although we fail to see how this would constitute negligence, we merely note this allegation as the more visible theory of liability within the complaint.

[4] While we do not believe that the catch-all averments at (h) and (i) would, standing alone, be sufficient to raise the issue of negligent vehicular operation, their function as modifying clauses to the previous allegation of a high-speed pursuit supports our interpretation here.

recognized exceptions to immunity should not be so construed prior to a more complete exposition of the facts. Accordingly, we reverse the common pleas court's order as it pertains to this precise issue and remand for further proceedings.

Bickert further espouses an expansive interpretation of the vehicle liability exception to include her other allegations of failure to train or provide vehicular pursuit guidelines. As previously stated, however, exceptions to governmental immunity are to be narrowly construed, given the expressed legislative intent to insulate political subdivisions from tort liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Love*. Therefore, we hold that the acts of negligence named within these averments clearly fall outside the scope of vehicular operation and were properly dismissed by the common pleas court.

The order of the common pleas court is affirmed in all respects except as it pertains to the allegations of negligent operation of the police vehicle in question, which portion is reversed and remanded for further proceedings.

### ORDER

The Northumberland County Common Pleas Court, No. CV-85-1883 dated July 21, 1987, is affirmed in part but reversed as it pertains to the allegations of negligent operation of the police vehicle in question. Accordingly, the matter is remanded for further proceedings.

Jurisdiction relinquished.