553 A.2d 510

Denise Marie Dickens *v.* Upper Chichester Township and Officer Thomas Bush, et al. Upper Chichester Township and Officer Thomas Bush, Appellants.

Argued September 14, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO and McGINLEY.

*M. Kelly Tillery, Leonard, Tillery & Davison,* for appellants.

*Thomas S. Myers, Jr.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 31, 1989:

Upper Chichester Township and Police Officer Thomas Bush appeal a Delaware County Common Pleas Court order overruling their preliminary objections to Denise Marie Dickens' complaint.[1] We affirm.

Officer Bush observed John Scott Horner operating a motor vehicle and believed Horner was driving with a suspended license and under the influence of drugs. Officer Bush initiated a pursuit which evolved into a high-speed chase. Horner's vehicle ultimately collided with Dickens' vehicle and caused her serious injuries. The police vehicle was not physically involved in the collision.

Dickens' complaint alleged that the Township, through its agent Officer Bush, was negligent in initiating a pursuit and in otherwise failing to exercise due care. The Township and Officer Bush preliminarily objected, averring that Dickens' allegations of negligence did not fall within the vehicle liability exception to governmental

---

[1] By order dated December 11, 1987, the common pleas court certified for appeal its interlocutory order overruling appellants' preliminary objections. By Order dated February 22, 1988, this Court treated appellants' petition for review as one for permission to appeal and granted said petition. Proceedings in the Delaware County Common Pleas Court were stayed pending this appeal.

immunity. Section 8542(b)(1) of the Judicial Code (Code), 42 Pa. C. S. §8542(b)(1).[2]

Our scope of review of a common pleas court order overruling preliminary objections in the nature of a demurrer is limited to determining whether the lower court abused its discretion or committed an error of law. *Department of Labor and Industry, Office of Vocational Rehabilitation v. Pennsylvania Human Relations Commission,* 118 Pa. Commonwealth Ct. 163, 545 A.2d 412 (1988). We accept as true all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom. *McNeill v. City of Philadelphia,* 104 Pa. Commonwealth Ct. 494, 522 A.2d 174 (1987).

Specifically, the Township and Officer Bush contend that Dickens has failed to allege that Officer Bush was at any time in possession or control of the Horner vehicle or that Bush's police vehicle struck Horner's vehicle, thus causing a collision with Dickens' automobile. Therefore, in light of the narrow construction applied to exceptions to immunity under the Judicial Code, *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), the Township and Officer Bush contend that without some physical impact by a vehicle operated by an agent of a local governmental unit, they cannot be liable under the motor vehicle exception. We disagree.

---

[2] The vehicle liability exception provides:

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

As prior case law suggests, there is no requirement that a vehicle operated by a local government agent must physically collide with the injured party for liability to attach. Rather, common law concepts of negligence and proximate causation are to be applied as a prerequisite to determining whether an actionable claim has been stated within the statutorily defined exceptions to governmental immunity. *Mascaro*.

This Court was presented with a factually similar police pursuit case in *Bickert v. Borough of Riverside*, 118 Pa. Commonwealth Ct. 91, 545 A.2d 962 (1988). As here, the police vehicle was not physically involved in the collision. We stated therein that "[a]lthough the substantive exceptions to immunity set forth in the Code are to be interpreted narrowly, City of Philadelphia v. Love,[3] pleadings which raise a colorable theory of liability consistent with recognized exceptions to immunity should not be so construed to a more complete exposition of the facts." *Id.* at 95, 545 A.2d at 964 (citation omitted). Bickert alleged that the police had engaged in a high-speed motor vehicle pursuit, having reason to know that such pursuit would expose other persons including the plaintiff, a passenger in the vehicle being pursued, to an unreasonable risk of harm. We concluded that Bickert's complaint had stated a cognizable claim within the vehicle liability exception. Similarly, in the companion case of *Force v. Watkins*, 118 Pa. Commonwealth Ct. 87, 544 A.2d 114 (1988), we found that the allegations of *"driving without due regard for the safety as well as in reckless disregard for the safety and rights of others on the highway"* raised a factual question as to the degree of care exercised by the police car's operator. *Id.* at 90, 544 A.2d at 115 (emphasis added).

---

[3] In *City of Philadelphia v. Love*, 98 Pa. Commonwealth Ct. 138, 509 A.2d 1388 (1986), *aff'd*, 518 Pa. 370, 543 A.2d 531 (1988),

We interpret Dickens' complaint as likewise alleging a cognizable theory of liability. Paragraph 19 of her complaint alleges:

19. The accident heretofore described was caused by the carelessness, recklessness and negligence of Defendant, Upper Chicester [sic] Township, through its agent, servant and/or employee acting within the course and scope of his employment by reason of the following:

(a) by improperly and without cause initiating a high speed pursuit through a residential neighborhood;

(b) in failing to follow accepted police practices with regard to high speed chases;

(c) in initiating a high speed chase of a minor who was suspected of violating a minor traffic offense; and

(d) in otherwise failing to exercise due care under the circumstances.

The apparent thrust of this complaint imputes negligence to the *decision* to initiate a pursuit of the Horner vehicle. We hold, nonetheless, that the common pleas court did not err or abuse its discretion in concluding that the allegations of a high-speed pursuit through a residential neighborhood and failure to exercise due care are sufficient to raise factual questions as to the degree of care exercised by Officer Bush while operating his vehicle.[4]

---

the Pennsylvania Supreme Court held that the term "operation" as it is used in Section 8542(b)(1) is to be strictly construed to mean actually putting a vehicle in motion. Acts taken in preparation of or after cessation of vehicular operation are not sufficient.

[4] In *Bickert*, we similarly noted that the more visible theory of liability was the police officer's negligent decision to pursue, yet we found that a distinct factual question existed as to whether the police officer's alleged lack of care in operating his own vehicle caused the pursued vehicle to crash. *Id.* at 95, 545 A.2d at 964.

Despite her inartful pleadings, it is possible for Dickens to present evidence within the parameters of the alleged facts that tend to show that Officer Bush's operation of his vehicle put others at risk, including Dickens herself, and that his actions were a substantial contributing factor in causing Dickens' injuries.[5] Of course, any doubt about sustaining preliminary objections should be resolved against the objecting party. *Goodheart v. Thornburgh,* 104 Pa. Commonwealth Ct. 385, 522 A.2d 125 (1987).

Affirmed.

### ORDER

The order of the Delaware County Common Pleas Court, No. 87-782 dated November 5, 1987, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[5] Dickens relies on *Kuzmics v. Santiago,* 256 Pa. Superior Ct. 35, 389 A.2d 587 (1978), to contend that liability cannot be denied as a matter of law on the sole basis that the pursued vehicle and not the police pursuer was physically involved in the collision. Although the scholarly discussion of police pursuit liability in *Kuzmics* is instructive as to the balance to be drawn in weighing the risks of a police chase, the case contains no discussion of immunity and is not determinative of the statutory issue before us.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent.

Officer Bush's operation of the motor vehicle did not cause the injury suffered by the plaintiff, Denise Marie Dickens, in this case. Dickens' injury was caused when a motor vehicle operated by John Scott Horner struck Dickens' motor vehicle. The Pennsylvania Supreme Court made clear in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), that an injury actually caused by a third party will not subject a local agency or

its employees to liability, even if a common law negligence action has been stated.