560 A.2d 939

**Patrick A. BAKER, Appellant,**

v.

**Garland E. HAWKS, Mark A. Sowers and Red Lion Police Department, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided June 29, 1989.

David M. Pollick, Steven B. Spector, Law Office of Dale E. Anstine, P.C., York, for appellant.

Robert J. Stewart, Val E. Winter, Liverant, Senft and Cohen, York, for Garland E. Hawks.

Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin, L. Rostaing Tharaud, Philadelphia, for Sowers & Red Lion Police Dept.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Patrick A. Baker (Appellant) appeals from an order of the Court of Common Pleas of York County which granted Officer Mark A. Sowers' (Sowers') and the Red Lion Police Department's (Police Department's) motion for judgment on the pleadings. We reverse.

The facts may be summarized as follows. On October 29, 1986, at approximately midnight, Appellant was riding as a passenger in a vehicle driven by Garland E. Hawks (Hawks). Officer Sowers observed Hawks' erratic driving, which typified a drunk driver and following standard police procedures, turned on his siren and lights. Hawks, instead of pulling off to the side of the road and stopping, drove away at a high rate of speed with Officer Sowers in pursuit. Hawks, soon thereafter, was unable to negotiate a portion of a country road, and crashed into several telephone poles. Appellant was injured in the crash.

On March 27, 1987, Appellant filed a claim against Hawks,[1] Officer Sowers and the Police Department. Appellant alleged in his complaint that the negligent or reckless conduct of Officer Sowers and/or the Police Department caused his injury even though the police vehicle did not contact the Hawks' vehicle. Officer Sowers and the Police Department filed an answer and new matter[2] and on September 2, 1987, filed a motion for judgment on the pleadings. On December 4, 1987, the trial court granted the motion finding that Appellant failed to state cause of action. It is from that order that Appellant now appeals.

Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether there has been an error of law or an abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa.Commonwealth Ct. 492, 527 A.2d 193 (1987).

Appellant argues that the trial court erred as a matter of law by granting the motion for judgment on the pleadings because the allegations of negligence and recklessness against Officer Sowers and the Police Department state a cause of action which existed at common law and now falls within the vehicle liability exception to govern-

1. Appellant's claim against Hawk has been settled.
2. The parties also filed interrogatories and requests for admissions which were not considered by the trial court in its order and are, therefore, not at issue here.

mental immunity. Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1).[3]  We must agree.

In *Kuzmics v. Santiago,* 256 Pa.Superior Ct. 35, 389 A.2d 587 (1978), the plaintiff was injured when a vehicle being followed by police in a high-speed chase collided with plaintiff's car.  There was no contact between plaintiff's car and the police, similar to the facts here.  The *Kuzmics'* Court held that liability on the part of the officer and the municipality which employed the officer could not be denied *as a matter of law* on the sole basis that the pursued vehicle and not the police was involved in the accident.

In *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), the Supreme Court determined that the common law concepts of negligence and proximate cause are to be applied in determining whether a claim has or has not been stated within the statutorily defined exceptions to governmental immunity.  *Mascaro* thus established the bridge between the common law and the statutorily created exceptions to governmental immunity.

In *Bickert v. Borough of Riverside,* 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988), the plaintiff was injured as a result of a high-speed chase by the police.  The plaintiff's complaint alleged that the police's conduct was negligent because they engaged in a high-speed chase, when they knew or should have known, that they could expose others to an unreasonable risk of harm.  This Court, in determining whether the trial court properly sustained the defendant's preliminary objections, stated that although exceptions to immunity should be narrowly interpreted,[4]

**3.**  The vehicle liability exception provides:
   (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
   (1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency.  As used in this paragraph, 'motor vehicle' means any vehicle whish is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

**4.**  *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988).

*"pleadings which raise a colorable theory of liability* consistent with recognized exceptions to immunity should not be so construed prior to a more complete exposition of the facts." *Id.,* 118 Pa.Commonwealth Ct. at 95–96, 545 A.2d at 964 (citation omitted) (emphasis added). Thus, we concluded in *Bickert* and in its companion case, *Force v. Watkins,* 118 Pa.Commonwealth Ct. 87, 544 A.2d 114 (1988), that when negligence is alleged in a complaint, a cognizable claim within the vehicle liability exception is stated.

In yet another case, *Dickens v. Upper Chichester Township,* 123 Pa.Commonwealth Ct. 226, 553 A.2d 510 (1989), we held that the *allegations* of a high-speed chase in a residential neighborhood and the failure to exercise due care was sufficient to raise factual questions and thus, permit the cause of action to continue beyond the pleadings.

Here, Appellant has raised questions of Officer Sowers' and/or the Police Department's negligence and/or recklessness in causing his injury. These are both theories of recovery recognized at common law which we must allow to be developed beyond the pleadings. We are in no way condoning Hawks' or the Appellant's conduct, nor do we wish to tell the police to not engage in their trained duties. Officer Sowers' and the Police Department's well-pleaded affirmative defenses and public policy arguments are best presented upon summary judgment or to a jury.

Accordingly, we reverse the order of the trial court.

## ORDER

AND NOW, this 29th day of June, 1989, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby reversed.