620 A.2d 52

**Philip M. WHITE, and James D. Green, A Minor, by his Legal Guardian, Philip M. White and Richard Graves and Eric Smith, Appellants,**

**v.**

**MOTO LAVERDA (S.R.L.), and Roger Slater, Individually and t/a Slater Brothers and Slater Brothers, Inc. and Slater Brothers, a Partnership and City of Philadelphia and James Wagstaff and P/O Mark Itzko, Badge # 5600 and P/O Joseph Krone, Badge # 5354.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 6, 1993.

Reargument Denied Feb. 12, 1993.

Kevin M. Malloy, for appellants.

Alan C. Ostrow, Asst. City Sol., for appellees, City of Philadelphia and Police Officers Itzko and Krone.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

Philip M. White (White), James Green (Green), Richard Graves (Graves), and Eric Smith (Smith) (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas court) that granted a motion for judgment on the pleadings on behalf of the City of Philadelphia (City) and City police officers Mark Itzko (Itzko) and Joseph Krone (Krone). We affirm.

On April 5, 1988, Itzko and Krone were engaged in a high speed vehicular chase with James Wagstaff (Wagstaff), who was suspected of operating a stolen motorcycle. At the intersection of Broad and Clearfield Streets in the City, Wagstaff disregarded the traffic signal and struck a motor vehicle occupied by Appellants. As a result of the collision, White, Green, Graves and Smith sustained serious and disfiguring injures.

On February 9, 1990, Appellants instituted a civil action against Wagstaff, Moto Laverda (S.R.L.), the motorcycle manufacturer, and Slater Brothers, its distributor, the City and Officers Itzko and Krone. The claim against the City was based on the assertions that the police officers who engaged in the chase were careless, reckless and otherwise negligent in conducting the pursuit. On November 6, 1991, the City and Officers Itzko and Krone filed a motion for judgment on the pleadings contending that Appellants failed to allege in their complaint facts sufficient to establish that a special relationship existed between the City and Appellants. On January 28, 1992, the common pleas court granted the motion for judgment on the pleadings.

In its decision, the common pleas court determined that Appellants did not establish that the police owed a duty of care to third persons injured in a collision with the pursued motorcycle.[1] The common pleas court applied the "special relationship" test first announced in *Chapman v. City of Philadelphia*, 290 Pa.Superior Ct. 281, 434 A.2d 753 (1981), and followed by this Court in *Yates v. City of Philadelphia*, 134 Pa.Commonwealth Ct. 282, 578 A.2d 609 (1990). The common pleas court determined that Appellants failed to allege facts sufficient to establish the existence of a protected special relationship between Appellants and Officers Itzko and Krone and concluded that Appellants failed to assert an occurrence whereby either the City or the officers owed a duty of care to Appellants. Opinion of the Common Pleas Court, June 8, 1992, at 6.[2]

**1.** An exception to the general rule of law that municipalities have no duty to protect specific individuals from the criminal acts of third parties occurs where there is a special relationship between the police and the crime victim. Where such a relationship is established the police and the municipality owe a duty to the victim. *Morris v. Musser*, 84 Pa.Commonwealth Ct. 170, 478 A.2d 937 (1984).

**2.** The common pleas court noted our decision in *Yates* where we summarized the special relationship test as follows:

[T]he individual claiming a 'special relationship' must demonstrate that the police were: 1) aware of the *individual's* particular situation or unique status, 2) had knowledge of the potential for the particular harm which the *individual* suffered, and 3) voluntarily assumed, in

After Appellants filed a motion for reconsideration, which was not ruled upon by the common pleas court, Appellants filed a notice of appeal to this Court on February 21, 1992. Appellants contend that the common pleas court erred in granting the motion for judgment on the pleadings because Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1),[3] clearly imposes liability upon the police for the negligent operation of their vehicles, and that Section 3105 of the Vehicle Code, 75 Pa.C.S. § 3105,[4] imposes an express duty

light of that knowledge, to protect the individual from the precise harm which was occasioned.

*Yates,* 134 Pa.Commonwealth Ct. at 285, 578 A.2d at 611 (quoting *Melendez by Melendez v. City of Philadelphia,* 320 Pa.Superior Ct. 59, 65, 466 A.2d 1060, 1063–64 (emphasis in original)).

3.  Section 8542(b)(1) of the Judicial Code provides:
    **(b) Acts which impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
    (1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and attachment thereto, including vehicles operated by rail, through water or in the air.

4.  Section 3105 of the Vehicle Code provides:
    **§ 3105. Drivers of emergency vehicles**
    **(a) General Rule.**—The driver of an emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions stated in this Section.
    **(b) Exercise of Special Privileges.**—The driver of an emergency vehicle may:
    (1) Park or stand, irrespective of the provisions of this part.
    (2) Proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation, except as provided in subsection (d).
    (3) Exceed the maximum speed limits so long as the driver does not endanger life or property, except as provided in subsection (d).
    (4) Disregard regulations governing direction of movant [sic] or turning in specific directions.
    **(c) Audible and visual signals required.**—The privileges granted in this section to an emergency vehicle shall apply only when the vehicle is making use of an audible signal and visual signals meeting the requirements and standards set forth in regulations adopted by the department, except that an emergency vehicle operated as a police vehicle need not be equipped with or display the visual signals. An ambulance which is transporting a patient may use either the lights

of care owed to all persons by the police while engaged in the vehicular pursuit of a violator of the law. Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether the has been an error of law or an abuse of discretion. *Baker v. Hawks,* 127 Pa.Commonwealth Ct. 92, 94, 560 A.2d 939, 940 (1989).

In support of their position, Appellants rely on our decisions in *Baker* and *Dickens v. Upper Chichester Township,* 123 Pa.Commonwealth Ct. 226, 553 A.2d 510 (1989), *reversed sub nom Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992). In *Baker* the injured victim was a passenger in a vehicle being pursued by police, which crashed as the driver attempted to flee at a high rate of speed instead of pulling over as requested. In *Baker* we reviewed previous appellate decisions that held that tort liability for accidents resulting from vehicular pursuit by police should not be denied as a matter of law,[5] and we held that where a plaintiff raises theories of recovery recognized at common law, that plaintiff must be permitted the opportunity to develop that theory beyond the pleadings, without being stymied by governmental immunity as a matter of law. *Id.* at 95–96, 560 A.2d at 940–41.

In *Dickens* the plaintiff's vehicle was involved in a collision with a vehicle pursued by police in a high-speed chase. We noted that there is no requirement that a vehicle operated by a local government agent must physically collide with the

or the audible warning system, or both, as determined by the driver of the ambulance.

**(d) Ambulances and Blood Delivery Vehicles.**—The driver of an ambulance or blood delivery vehicle shall comply with maximum speed limits, red signal indications and stop signs. After ascertaining that the ambulance or blood-delivery vehicle will be given the right-of-way, the driver may proceed through a red signal indication or stop sign.

**(e) Exercise of Care.**—This Section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons.

**5.** *See Kuzmics v. Santiago,* 256 Pa.Superior Ct. 35, 389 A.2d 587 (1978) (plaintiff injured when vehicle being pursued by police collided with plaintiff's car), and *Bickert v. Borough of Riverside,* 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988) (plaintiff injured while a passenger in vehicle which crashed while being pursued by police).

injured party for liability to attach. *Id.* at 229, 553 A.2d at 512. Citing our decision in *Bickert,* we held that the plaintiff (Dickens) had sufficiently pleaded a cognizable theory of liability based on allegations of a high-speed pursuit through a residential neighborhood and failure to exercise due care. *Id.* 123 Pa.Cmwlth. at 230–31, 553 A.2d at 512–13. Accordingly, we held that the common pleas court in *Dickens* did not err or abuse its discretion in concluding that the plaintiff's allegations raised factual questions as to the degree of care exercised by the police officer involved in the high-speed pursuit. *Id.*

However, our decision in *Dickens* was appealed and later reversed by our Supreme Court in *Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992), which we conclude is controlling in the present case. In *Dickens* the Court cites its decision in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), for the proposition that acts of third parties are specifically excluded in the general immunity section of Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542, and may not be imputed to the local agency or its employees. *Id.* 531 Pa. at 127–28, 611 A.2d at 693. The Court further noted that *Mascaro* is consistent with the general principle of law "that the criminal and negligent acts of third parties are superseding causes which absolve the original actor from liability for the harm caused by such third parties." *Id.* The Court noted that this interpretation is consistent with the legislative directive of Section 8542 that the criminal acts of municipal employees acting within the scope of their duties do not subject the local government unit to liability. Further, it is incongruous to recognize that Section 8542 shields a municipality from the crimes of its employees, and at the same time hold that this section leaves a municipality exposed to liability for the criminal acts of someone who chooses to defy a lawful police order. This is so "because the legislative scheme of immunity consistently excludes all criminal acts from liability...." *Id.*

In *Dickens v. Horner* the Court also holds that liability cannot be imposed upon a pursuing police officer because of

the superseding criminal acts of the fleeing suspect. *Id.* 531 Pa. at 130–32, 611 A.2d at 695. Accordingly, liability cannot be imposed in the present case upon Officers Itzko and Krone for pursuing Wagstaff after he refused their request to stop his motorcycle. In view of *Dickens v. Horner* we conclude that the common pleas court correctly entered judgment in favor of Officers Itzko and Krone, as well as for the City.

The order of the common pleas court is affirmed.

## ORDER

AND NOW, this 6th day of January, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is affirmed.