620 A.2d 50

**Wanda BURNETT and William A. Burnett, Appellants,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 6, 1993.

484

Anne E. Pedersen, for appellants.

Alan C. Ostrow, Asst. City Sol., for appellee.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

Wanda Burnett and William A. Burnett (Burnetts) appeal from an order of the Philadelphia Court of Common Pleas (common pleas court) granting summary judgment in favor of the City of Philadelphia (City).

On January 12, 1983, City police officers David Calle and Domonic Ferrara observed motorist Luis Rivera (Rivera) disregard a red light at the intersection of Emerald Street and Allegheny Avenue. The police officers began to chase Rivera, who did not stop, but headed southbound onto Frankford Avenue with the officers in pursuit. At the intersection of Frankford Avenue and Clearfield Street, Rivera disregarded a second traffic signal, entered the intersection and collided with a car being driven by Jack Tolchinsky. The impact of the collision caused Rivera's vehicle to flip and strike Wanda Burnett's vehicle head on as she waited northbound on Frankford Avenue for the light to change.

The Burnetts filed a complaint against the City alleging that the police negligently pursued Rivera. The City filed an

answer and new matter and joined Rivera as a third party defendant. Shortly before trial, the Burnetts and the City agreed to submit the issue of liability on briefs before the common pleas court. The City submitted a motion for summary judgment arguing that the police did not have a legal duty to protect Wanda Burnett from the acts of others absent a "special relationship" with the police.

On March 16, 1992, the common pleas court granted the City's motion. It is from this order that the Burnetts appeal. The Burnetts contend that the "special relationship" test is not applicable in their situation, as their complaint alleges that the police themselves created the danger by conducting a vehicular chase without regard to the duty of care set forth for drivers of emergency vehicles in Section 3105 of the Motor Vehicle Code, 75 Pa.C.S. § 3105.

In *White v. Moto Laverda (S.R.L.)*, 152 Pa.Commonwealth Ct. 488, 620 A.2d 52 (1993), we recently reviewed a similar controversy wherein the plaintiff sought to impose liability upon the City of Philadelphia for injuries sustained in a collision at an intersection involving a vehicle being pursued by the police. In *White* we followed our state Supreme Court's decision in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992) which determined that a municipality is immune from liability for injuries resulting from the criminal acts (disregard of traffic signals) of a fleeing suspect in a vehicular pursuit case. *White*, 152 Pa.Commonwealth Ct. at ―――, 620 A.2d at 54–55. The issues in the present case are identical to those in *White*, and we must affirm the order of the common pleas court on the basis of that opinion.

## ORDER

AND NOW, this 6th day of January, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is affirmed.