620 A.2d 51

**Christopher CONROY, Appellant,**

**v.**

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 6, 1993.

Kara L. Svendsen, for appellant.

Alan C. Ostrow, Asst. City Sol., for appellee.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

This is an appeal by Christopher Conroy (Conroy) from an order of the Court of Common Pleas of Philadelphia County (common pleas court) entering summary judgment in favor of the City of Philadelphia (City).

Conroy commenced this action as a result of a two-car accident that occurred at approximately 3:30 A.M. on March 17, 1984. Conroy was travelling south on Ridge Avenue in Philadelphia. Simultaneously, at the intersection of Fountain Avenue and Ridge Avenue, Police Officer Theodore Manko and Police Officer Richard Lewis observed a 1984 Nissan operated by Doris Groom (Groom) proceed through an intersection in disregard of the traffic signal and continue on in a reckless fashion. Officer Manko and Officer Lewis initiated a pursuit that evolved into a high-speed chase. The Groom vehicle collided with Conroy's vehicle causing serious injuries to Conroy.

On September 18, 1984, Conroy filed a civil action alleging that the City's "agents and employees" were negligent in initiating a pursuit and in otherwise failing to exercise due care. Complaint, September 18, 1984, Paragraph 7 at 2–3; Reproduced Record (R.R.) at 2a–3a. The City filed a motion for summary judgment, which the common pleas court granted, concluding that "plaintiff has not established a duty of care as a necessary and material element to the alleged negligence." Opinion of Common Pleas Court, December 24, 1991, at 9.

On appeal Conroy contends that the common pleas court erred by granting the motion for summary judgment because Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), clearly imposes liability upon the police for the negligent operation of their vehicles, and the City's police officers failed to adhere to Section 3105 of the Vehicle Code, 75 Pa.C.S. § 3105, which requires the use of flashing lights and sirens during a vehicular pursuit of a violator of the law and expressly recognizes a duty of care owed to all persons by the police while engaged in a vehicular pursuit.

In *White v. Moto Laverda (S.R.L.)*, 152 Pa.Commonwealth Ct. 488, 620 A.2d 52 (1993), we recently reviewed a similar controversy wherein the plaintiff sought to impose liability upon the City of Philadelphia for injuries sustained in a collision at an intersection involving a vehicle being pursued by the police. In *White* we followed our state Supreme

Court's decision in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992) which determined that a municipality is immune from liability for injuries resulting from the criminal acts (disregard of traffic signals) of a fleeing suspect in a vehicular pursuit case. *White*, 152 Pa.Commonwealth Ct. at —— ——, 620 A.2d at 54–55. The issues in the present case are identical to those in *White*, and we must affirm the order of the common pleas court on the basis of that opinion.

## ORDER

AND NOW, this 6th day of January, 1993, the order of the Court of Common Pleas of Philadelphia County at No. 1807 September Term, 1984, dated August 29, 1991, is affirmed.