620 A.2d 625

**Joan DENNIS, Administratrix of the Estate of Dominique Dennis and Joan Dennis as Trustee Ad Litem, David and Joan Dennis, in their own right, Appellants,**

**v.**

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania, Department of Transportation and Evenflo Juvenile Furniture Company and General Motors Corporation Buick Division and Norman Scotton, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1992.

Decided Jan. 27, 1993.

Carol A. Black, for appellants.

Miriam B. Brenaman, Divisional Deputy in Charge of Appeals, for appellee City of Philadelphia.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Before this Court for reconsideration is an appeal by Joan Dennis, Administratrix of the Estate of Dominique, by Joan Dennis as Trustee Ad Litem, and by David and Joan Dennis in their own right (Mr. and Mrs. Dennis) from an order of the Court of Common Pleas of Philadelphia County (common pleas court) entering summary judgment in favor of the City of Philadelphia (City).[1]  We vacate our February 28, 1992,

---

1. The Commonwealth of Pennsylvania and Norman Scotton are not parties to the present appeal.

order, 145 Pa.Commonwealth Ct. 691, 604 A.2d 771 in this matter and affirm the common pleas court.[2]

At approximately 10:30 P.M. on April 1, 1985, Police Officer Benny James Noble and Police Officer Abram Cobert observed a 1975 yellow Cadillac proceed through a red traffic signal. A pursuit was initiated and escalated into a high-speed chase. The yellow Cadillac collided with the Dennis vehicle seriously injuring Mr. and Mrs. Dennis and killing their six-month-old daughter, Dominique.

On November 16, 1987, Mr. and Mrs. Dennis filed a civil action alleging that the City through its "agents, servants and employees" was negligent, careless and reckless in initiating a pursuit and in otherwise failing to exercise due care. Complaint, November 16, 1987, paragraph 8; Brief of Appellant (Brief), Exhibit A. The City filed a motion for summary judgment which the common pleas court granted, concluding that "there are no facts establishing a special relationship between themselves [plaintiffs] and the police" and that "[p]laintiffs have failed to establish the necessary elements for a cause of action in negligence." Opinion of the Common Pleas Court, March 22, 1991.

On appeal Mr. and Mrs. Dennis contend: (1) that pursuant to Section 3105 of the Vehicle Code, 75 Pa.C.S. § 3105[3] and

2. On September 17, 1992, the Pennsylvania Supreme Court granted the petition of Mr. and Mrs. Dennis for allowance of appeal and then remanded the present matter 619 A.2d 1349 to this Court for reconsideration in light of the Supreme Court's recent decision in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992). On November 4, 1992, we granted reconsideration and the present case was submitted on briefs before this Court *en banc*.

3. Section 3105 of the Vehicle Code provides:

§ 3105. **Drivers of emergency vehicles**
(a) **General Rule.**—The driver of an emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions stated in this Section.
(b) **Exercise of Special Privileges.**—The driver of an emergency vehicle may:
(1) Park or stand, irrespective of the provisions of this part.

Philadelphia Police Directive No. 45,[4] the City's police officers were required to exercise due care in the operation of their vehicles; (2) that recent appellate court decisions have expanded the class of people who possess a "special relationship"; and (3) that the City waived governmental immunity pursuant to Chapter 21–700 of the Philadelphia Code.

In their complaint, Mr. and Mrs. Dennis allege that the City, "acting through its agents, servants, and employees, within the course and scope of their employment" for the City was negligent in "[p]ursuing a vehicle at an excessive rate of speed on a public street or highway in reckless disregard for the safety of plaintiffs." Complaint, paragraph 8; R.R., Exhibit A.

In *Dennis v. City of Philadelphia*, 145 Pa.Commonwealth Ct. 691, 604 A.2d 771 (1992), we noted our decisions in *Bickert v. Borough of Riverside*, 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988) and *Dickens v. Upper Chichester Township*, 123 Pa.Commonwealth Ct. 226, 553 A.2d 510 (1989) and reversed the common pleas court's grant of summary judgment

> (2) Proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation, except as provided in subsection (d).
> (3) Exceed the maximum speed limits so long as the driver does not endanger life or property, except as provided in subsection (d).
> **(c) Audible and visual signals required.**—The privileges granted in this section to an emergency vehicle shall apply only when the vehicle is making use of an audible signal and visual signals meeting the requirements and standards set forth in regulations adopted by the department, except that an emergency vehicle operated as a police vehicle need not be equipped with or display the visual signals. An ambulance which is transporting a patient may use either the lights or the audible warning system, or both, as determined by the driver of the ambulance.
> . . . .
> **(e) Exercise of Care.**—This Section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons.

**4.** Philadelphia Police Department Directive 45 states that "[p]olice vehicles are to be operated in such a manner that accidents are avoided and property damages and personal injuries do not occur" and that "[e]xemptions granted to operators of emergency vehicles by the Pennsylvania Vehicle Code do not relieve such operators of the responsibility of avoiding accidents." Directive 45, 9/17/82; Brief, Exhibit B at 1.

on behalf of the municipality. In *Bickert* the plaintiff was rendered a quadriplegic as a result of a high speed chase. The plaintiff had filed a complaint alleging that the police "negligently engaged in pursuit." *Id.,* 118 Pa.Commonwealth Ct. at 93, 545 A.2d at 693. In *Bickert* we stated:

Paragraph 26(a) of the complaint avers that a high-speed vehicular pursuit was initiated by police from which it is easily inferred that the police vehicle was operated in excess of the speed limit. Thus a fact question as to the degree of care exercised by the police officer in operating his own vehicle while pursuing the Share vehicle is raised, which question is not properly decided by a Court in this procedural posture.

*Id.* at 95, 545 A.2d at 964.

In *Dickens* the plaintiff's vehicle was also involved in a collision with a vehicle involved in a high-speed police pursuit. We stated that there is no requirement that a vehicle operated by a local government agent must physically collide with the injured party for liability to attach. *Id.* 123 Pa.Commonwealth Ct. at 229, 553 A.2d at 512. Citing our decision in *Bickert,* we held that the plaintiff (Dickens) had sufficiently pleaded a cognizable theory of liability based on allegations of a high-speed pursuit through a residential neighborhood and failure to exercise due care. *Dickens,* 123 Pa.Commonwealth Ct. at 230–31, 553 A.2d at 512–13. Accordingly, we held that the common pleas court in *Dickens* did not err or abuse its discretion in concluding that the plaintiff's allegations raised factual questions as to the degree of care exercised by the police officer involved in the high-speed pursuit. *Id.*

However, we have been reversed by our Supreme Court. In *Dickens v. Horner* the Supreme Court cites its decision in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987) for the proposition that acts of third parties are specifically excluded in the general immunity section of Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542, and may not be imputed to the local agency or its employees. *Id.,* 531 Pa. at 126, 611 A.2d at 693. In *White v. Moto Laverda (S.R.L.),* 152 Pa.Commonwealth Ct. 488, 620 A.2d 52 (1993) we followed the

Supreme Court's decision in *Dickens v. Horner* and reviewed a similar controversy wherein the plaintiff sought to impose liability upon the City of Philadelphia for injuries sustained in a collision at an intersection involving a vehicle being pursued by the police. In *White* the plaintiff contended that Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1) imposed liability upon the police for the negligent operation of their vehicles, that Section 3105 of the Vehicle Code, 75 Pa.C.S. § 3105 imposed an express duty of care owed to all persons by the police while engaged in the vehicular pursuit of a violator of the law, and that a protected special relationship existed between the plaintiff and the police. We rejected these arguments and stated that "liability cannot be imposed upon a pursuing police officer because of the superseding criminal acts of the fleeing suspect." *White* at 493–94, 620 A.2d at 55.

Mr. and Mrs. Dennis also contend that the City has waived governmental immunity pursuant to Chapter 21–700 of the Philadelphia Code and as a result the City is responsible for the negligent acts of its police officers in the performance of their official duties. Section 21–701 of the Philadelphia Code states:

**WAIVER OF GOVERNMENTAL IMMUNITY**

§ 21–701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligent or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

On December 4, 1990, the Mayor of the City of Philadelphia signed into law an ordinance repealing Chapter 21–700 of the Philadelphia Code. Section 2 of the 1990 repealer ordinance provided that "[t]his ordinance shall take effect immediately and its repeal of Chapter 21–700 applies to all pending civil actions and to all civil actions commenced on or after the effective date of this Ordinance." In *City of Philadelphia v. Patton*, 148 Pa.Commonwealth Ct. 141, 609 A.2d 903 (1992) Louis Patton had filed a complaint against the City of Phila-

delphia seeking damages for the death of his wife. Louis Patton alleged that his wife's death, due to hyperthemia, was the result of the police officers' negligent failure to provide immediate medical assistance. The City filed a motion for judgment on the pleadings alleging that Louis Patton failed to state a cause of action because of the repeal of the City's waiver of governmental immunity. We affirmed the common pleas court's denial of the City of Philadelphia's motion for judgment on the pleadings and found that "Section 2 of the 1990 ordinance which made its repeal of the waiver of governmental immunity retroactively applicable to pending actions accruing prior to the repeal date violated Patton's constitutional right to due process by depriving him of a vested right." *Id.* at 146, 609 A.2d at 906.

In the present controversy we agree that the immunity concepts are inapplicable because of the City's decision to waive immunity and because the repeal of the ordinance has no effect on the present cause of action which occurred prior to the appeal. However, we must still conclude that *Dickens v. Horner* is controlling. In *Dickens v. Horner* the Supreme Court stated:

> We viewed this conclusion [that the Legislature precluded the imposition of liability on the Commonwealth or its local agencies for acts of third parties] as being consistent with the general rule that the criminal and negligent acts of third parties are superseding causes which absolve the original actor from liability for the harm caused by such third parties. This is also consistent with the Legislative determination that the criminal acts, actual fraud, actual malice or willful conduct of its own agency or employees acting within the scope of their duties are not the subject of suit or liability and that it would be incongruous to interpret the Act in such a way that the municipality would be shielded from liability for the crimes of its agents and employees, yet responsible for the crimes of others.

*Id.* at 130–31, 611 A.2d at 695.

Consequently, we are constrained to conclude that Mr. and Mrs. Dennis' injuries were not proximately caused by the

operation of a police vehicle but by a vehicle operated by a third party.

Accordingly, we affirm the decision of the common pleas court.

PELLEGRINI, J., concurs in the result only.

## ORDER

AND NOW, this 27th day of January, 1993, the February 28, 1992, order of this Court in the above-captioned matter is vacated, and the order of the Court of Common Pleas of Philadelphia County entering summary judgment in favor of the City of Philadelphia is affirmed.