629 A.2d 238

Dale E. ANGLE, Sr., and Susan M. Angle, individually and as Administrators of the Estate of Dale E. Angle, II, deceased,

v.

Shawn A. MILLER, Earle G. Miller, Jr., Phyllis Miller, Harold J. Benchoff, the Greencastle Police Department, and the Borough of Greencastle.

Appeal of Shawn MILLER, Earle G. Miller, Jr., and Phyllis Miller, Appellants.

Michael L. EHRHART,

v.

Shawn A. MILLER, Earle G. Miller, Jr., Phyllis Miller, Dale E. Angle, Sr. and Susan M. Angle, Administrators of the Estate of Dale E. Angle, II, Harold J. Benchoff, the Greencastle Police Department and The Borough of Greencastle.

Appeal of Shawn A. MILLER, Earle G. Miller, Jr., Phyllis Miller, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1993.

Decided July 15, 1993.

Bill H. Mabius and Karen Durkin, for appellants Shawn A. Miller et al.

John Mancke, for appellees Dale E. Angle Sr. et al.

Taylor P. Andrews, for appellee Michael L. Ehrhart.

Before COLINS and McGINLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

This appeal has its genesis in a motor vehicle accident that occurred at approximately 10:30 p.m. on June 1, 1990. On that night, the appellant Shawn Miller was being chased in his

car by Greencastle police officer Harold Benchoff. Dale Angle II was driving northbound onto U.S. Route 11 when he was struck by Miller, who, while pursued by Benchoff, was traveling south on Route 11 at a high rate of speed. Angle was killed and his passenger, Michael Ehrhart, was injured. Angle's parents, individually and as administrators of their son's estate, filed a complaint against Miller, Benchoff, the Greencastle Police Department and the Borough of Greencastle. Likewise, Ehrhart sued those defendants.

Both complaints consisted of similar allegations, among them that Officer Benchoff was negligent in initiating a high-speed chase of Miller; that Benchoff was negligent in failing to discontinue the chase when he knew the driver, and knew that the driver would flee recklessly; and that Officer Benchoff was negligent in continuing the chase in a congested traffic area and without an audible siren in violation of Section 3105 of the Vehicle Code, 75 Pa.C.S. § 3105.

Appellant Miller answered the complaints and filed cross-claims against Benchoff, the police department and the borough, based on the allegations of negligence contained in the two complaints. Those defendants thereafter filed motions for summary judgment in each complaint. After oral argument, the common pleas court granted judgment in favor of Benchoff and the municipal defendants in both cases. Miller appealed these orders, and his appeals were consolidated for disposition by this Court.

■ Miller contends on appeal that the trial court improperly grounded its decisions on the authority of our Supreme Court's holding in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992). Having examined the record and having reviewed *Dickens* as well as other pertinent precedent, we are constrained to disagree with Miller.

Miller argues that his case is distinguishable from *Dickens*, but we are unable to see much that differs. In *Dickens*, a police officer identified a driver believed to be driving without a license and under the influence of drugs. When the officer attempted to stop him, the driver sped away and, while being

pursued by the police officer, ran a stop sign, colliding with the plaintiff and seriously injuring him.

As we observed most recently in *White v. Laverda,* 152 Pa.Commonwealth Ct. 488, 620 A.2d 52 (1993), the Supreme Court held in *Dickens* that liability cannot be imposed upon a pursuing police officer because of the superseding criminal acts of a fleeing suspect. Our Supreme Court stated that the Judicial Code[1] precludes local agency liability when an injury is caused by the criminal acts, actual fraud, actual malice or willful misconduct of an agency's employees. The Court concluded it would be incongruous to interpret the statute in such a way that the municipality would be shielded from liability for the crimes of its agents yet responsible for the crimes of others. *Dickens,* 531 Pa. at 131, 611 A.2d at 695.

Miller attempts to distinguish *Dickens* from this appeal by urging that his claim against Benchoff and the municipal defendants is, unlike that in *Dickens,* based on a theory that Benchoff's negligence was the direct cause of the plaintiffs' injuries and not to be imputed from the acts of a criminal third party. Miller maintains that a jury should determine whether Benchoff's conduct was a substantial factor in causing the accident.

While this argument has a certain appeal, *Dickens,* which, as we see it, controls this case, holds that the decision of a police officer acting within the scope of his duties to initiate and pursue a person suspected of a crime cannot constitute negligence when the criminal acts of the suspect are a cause of the injury.

■ We agree with Miller's argument that the trial court was in error when it stated liability did not attach because the police vehicle did not actually contact the plaintiff's vehicle. We see nothing in section 8542(b)(1) which requires "impact." It may well be that, in other circumstances, the negligent operation of a motor vehicle in a local agency's control could be a substantial factor in bringing about an accident without

1. Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

that vehicle's actual contact with another car. However, our agreement with Miller on this theory does not change our disposition of this case.

*Dickens* controls Miller's appeal herein. Accordingly, the common pleas court's order is affirmed.[2]

## ORDER

AND NOW, this 15th day of July, 1993, it is hereby ordered that the order of the Common Pleas Court of the Thirty–Ninth Judicial District, Franklin County Branch, at Nos. A.D. 1991–86 and A.D. 1991–274, dated October 29, 1992 and November 17, 1992 respectively, are hereby affirmed.

---

**2.** In light of *Dickens* and *White v. Laverda,* we question the legal vitality of the other cases in our Court and in the Superior Court on which Miller relies. *Force v. Watkins,* 118 Pa.Commonwealth Ct. 87, 544 A.2d 114 (1988); *Baker v. Hawks,* 127 Pa.Commonwealth Ct. 92, 560 A.2d 939 (1989) and *Kuzmics v. Santiago,* 256 Pa.Superior Ct. 35, 389 A.2d 587 (1978) were all decided before *Dickens.*