550 Pa. 539 (1998)
707 A.2d 1124
Fred MICKLE, Appellee,
v.
CITY OF PHILADELPHIA, Appellant.
Supreme Court of Pennsylvania.
Argued January 27, 1997.
Decided February 25, 1998.
*540 Alan C. Ostrow, Philadelphia, for City of Philadelphia.
Paul J. Drucker, Philadelphia, for Fred Mickle.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

OPINION
NIGRO, Justice.
Appellee Fred Mickle was injured while a passenger in a City of Philadelphia vehicle. Mickle sued the City of Philadelphia for damages. The parties filed cross-motions for summary judgment as to whether the City is immune from liability. The lower courts found that the City is not immune from suit because Mickle's claims fall within the motor vehicle exception to governmental immunity. The Commonwealth Court thus affirmed the trial court's grant of summary judgment for Mickle. For the reasons set forth below, we affirm.
On February 14, 1990, Mickle experienced chest pains and went to a City of Philadelphia fire station for help. A firefighter decided to drive Mickle to the hospital in a City fire rescue van. On the way to the hospital, the van's left rear wheels came off. Mickle sustained serious injuries.
Mickle sued the City of Philadelphia alleging that its negligence caused the accident. Mickle averred that the City, among other things, failed to maintain and inspect the van, allowed its motor vehicle to be driven in a defective and dangerous condition, operated its motor vehicle without properly *541 installed wheels, and drove it in a negligent manner. Complaint, paragraph 9.
After discovery, the parties stipulated to the following facts:
5. There was nothing negligent about the manner in which the firefighter actually drove/operated the fire rescue vehicle in which plaintiff was a passenger on February 14, 1990.
6. The City of Philadelphia was responsible for the maintenance and repair of the fire rescue vehicle in which the plaintiff was a passenger on February 14, 1990.
7. On February 14, 1990, while the plaintiff was a passenger in a fire rescue vehicle which was in operation and being driven by the agent of defendant, the City of Philadelphia, the left rear dual wheels of said vehicle came off, causing injuries to the plaintiff.
8. The cause of the rear wheels coming off the fire rescue vehicle was negligent maintenance and repair of said vehicle by the City of Philadelphia.
9. The value of plaintiff's pain and suffering is $80,000.00.. . .
11. The maximum amount of personal injury protection for which the City of Philadelphia, a self-insured entity, may be liable to plaintiff is $10,000.00.
See Trial Ct. Opinion, Appendix A (Stipulation of Facts).
The City moved for summary judgment asserting immunity from suit under the Political Subdivision Tort Claims Act, 42 Pa. Cons.Stat. § 8541. Mickle filed a cross-motion for summary judgment asserting that the motor vehicle exception to governmental immunity applies.
Summary judgment is warranted where there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Pa. R. Civ. P. 1035.[1] Finding the facts undisputed, the trial court entered summary judgment in favor of Mickle and held that the motor vehicle exception to governmental immunity applies. While acknowledging *542 that the firefighter did not drive in a negligent manner, the court found that Mickle's injuries are causally related to the movement or operation of the City vehicle and as such, fall under the exception. The Commonwealth Court affirmed.
Local agencies are immune from tort liability except as otherwise provided in the Political Subdivision Tort Claims Act. 42 Pa. Cons.Stat. § 8541. The Act provides:
(a) Liability imposed.  A local agency shall be liable for damages on account of an injury to a person or property . . . if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
(1) The damage would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having an available defense under section 8541 (relating to government immunity generally) . . . and
(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b) . . . .
(b) Acts which may impose liability.  The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
(1) Vehicle liability.  The operation of any motor vehicle in the possession or control of the local agency. . . .
42 Pa. Cons.Stat. § 8542(a),(b)(1)(emphasis added). The issue raised here is whether Mickle's claims fall within the motor vehicle exception to governmental immunity, or in other words, was Mickle's injury caused by the City's negligent acts with respect to the operation of a motor vehicle.
The parties stipulated that a City vehicle was in operation and being driven by a City agent when Mickle was injured. Stipulation of Fact No. 7. Thus, the lower courts' conclusion that the exception applies is consistent with this Court's decision in Love v. City of Philadelphia, 518 Pa. 370, 375, 543 A.2d 531, 533 (1988), which held that "operation," for purposes *543 of the motor vehicle exception, means putting a vehicle in motion.[2]
Since there is no dispute that the van was in operation at the time of the accident as required by Love, we must determine whether Mickle's injury was caused by the City's negligent acts with respect to the van's operation. The City argues that there was no such negligent act because it is undisputed that the firefighter did not drive the van in a negligent manner.
Negligence related to the operation of a vehicle encompasses not only how a person drives but also whether he should be driving a particular vehicle in the first place. The motor vehicle exception does not say that liability may be imposed only where the operator's manner of driving is negligent. Rather, it requires that the injury is caused by a negligent act with respect to the operation of a motor vehicle. 42 Pa. Cons.Stat. § 8542(a),(b)(1).
The parties stipulated that Mickle's injuries were caused by the wheels falling off the fire van while it was in operation. Stipulation of Fact No. 7. They further stipulated that the cause of the rear wheels coming off was the City's negligent maintenance and repair of the vehicle. Stipulation of Fact No. 8. Under these facts, we find that the City engaged in acts of negligence with respect to the operation of a motor vehicle and that the motor vehicle exception to governmental immunity applies.[3] Thus, the decision of the Commonwealth Court is affirmed.
*544 NEWMAN, J., did not participate in the consideration or decision of this matter.
CASTILLE, J., files a dissenting opinion in which FLAHERTY, C.J., joins.
CASTILLE, Justice, dissenting.
The majority holds that the motor vehicle exception to governmental immunity applies and allows a plaintiff to recover damages from a political subdivision like the City of Philadelphia (the "City") even though the parties stipulated that it was the City's negligent maintenance and repair of a vehicle rather than the negligent operation of the vehicle which caused the accident that resulted in the plaintiff's injuries. Because I believe that the majority has ignored the tenets established by this Court for determining whether an exception to governmental immunity applies, I must dissent.
Generally, since local agencies are performing a public service, they are immune from tort liability. 42 Pa.C.S. § 8541.[1] As noted by the majority, an injured party can recover from a political subdivision despite the doctrine of governmental immunity if he can demonstrate that: (1) the damages claimed would have been recoverable under common law; (2) the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his official duties; and (3) his injuries occurred as a result of one of the specific acts listed in Section 8542(b) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b). The specific act listed in Section 8542(b) that appellee contends waives *545 immunity in this case is known as the motor vehicle exception, which provides that liability may result from "[t]he operation of any motor vehicle in the possession or control of the local agency." 42 Pa.C.S. § 8542(b)(1) (Vehicle liability).
The determination of whether the negligent maintenance of a vehicle constitutes the "operation" of the vehicle under the motor vehicle exception to governmental immunity is one of statutory interpretation since the word "operation" is neither defined in this provision nor in the general definition section of the consolidated statutes. In reviewing whether an exception to governmental immunity applies, this Court is constrained to narrowly construe the term "operation" since the legislature has expressed a clear intent to insulate political subdivisions from tort liability. Love v. City of Philadelphia, 518 Pa. 370, 374, 543 A.2d 531, 532 (1988).
In Love, this Court examined the meaning of the word "operation" as it is used in the motor vehicle exception to governmental immunity, 42 Pa.C.S. § 8542(b)(1). In that case, this Court rejected the argument that the "operation" of a motor vehicle under the Political Subdivision Tort Claims Act was the same as the "maintenance and use of a motor vehicle" as used in the Pennsylvania No-Fault Act, 40 P.S. § 1009.103.[2] In doing so, this Court noted that:
The General Assembly recognized a distinction between the term "operation" and the phrase "maintenance and use" since it carefully chose one term in one context but not in the other . . . Thus, the term "operates" must have been intended to mean something other that the "maintenance and use."
Love, 518 Pa. at 375, 543 A.2d at 533. Instead, this Court, after perusing various dictionaries for guidance on the meaning of the word "operation,"[3] held that:

*546 [T]o operate something means to actually put in it motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are not the same as actually operating that vehicle. Thus, according to the common and approved usage of the word "operation," the van was not in operation at the time of Mrs. Love's accident. Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.
Love, 518 Pa. at 375, 543 A.2d at 533.
The majority, purporting to follow Love, holds that the motor vehicle exception to governmental immunity applies because the showing of negligence required by Section 8542(a)(2) requires only that a plaintiff's injuries occurred while the vehicle was in motion, even though the movement of the vehicle was not the direct cause of the accident. Because I believe that Love requires a more narrow reading of the immunity exception as it relates to the facts of this case, I disagree.
In order to be entitled to one of the specific exceptions listed in Section 8542(b) of the Political Subdivision Tort Claims Act, Section 8542(a) requires that the injured party demonstrate that "[t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)" (i.e., Section 8542(b)). When interpreting this provision narrowly, I believe that the plain meaning of this provision is that the waiver of governmental immunity will be triggered only if the plaintiff's injuries were caused by a negligent act explicitly listed as an exception in Section 8542(b). 1 Pa.C.S. § 1921(b) (court must give effect to plain meaning of statute when words of statute are clear and free of all ambiguity). Here, it is not disputed that the parties stipulated that the vehicle was moving when the accident occurred. It is also not disputed that the City and appellee stipulated that the cause of appellee's injuries *547 was the negligent maintenance and repair of the vehicle by the City. Thus, if the majority had properly adhered to the holding of Love requiring that exceptions to immunity provisions be narrowly construed, it would have determined that appellee could only have been entitled to a waiver of immunity if the negligent maintenance of the fire rescue vehicle could be viewed as the negligent "operation" of that vehicle.
As noted above, Love defined "operation" for purposes of the motor vehicle exception as involving the movement of the vehicle. The word "maintenance," however, is not defined by statute. Black's Law Dictionary defines the word "maintain" as follows:
The term is variously defined as acts of repairs and other acts to prevent a decline, lapse or cessation from existing state or condition; . . . hold or preserve in any particular state or condition; keep from change; keep from falling, declining, or ceasing; keep in existence or continuance; keep in force; keep in good order; keep in proper condition; keep in repair.
Black's Law Dictionary, p. 953 (6th Ed.). A similar definition is found in Webster's New World Dictionary where maintenance is defined as "a maintaining or being maintained; upkeep, support, defense, etc.; specif., the work of keeping a building, machinery, etc. in a state of good repair." Webster's New World Dictionary, p. 854 (2nd Ed.). From these common definitions, it is evident that the maintenance of a vehicle does not constitute the "operation" of a vehicle as set forth by this Court in Love. Thus, an injury caused by the negligent maintenance of a vehicle does not fall within the motor vehicle exception to governmental immunity.
Therefore, since the negligent act which caused appellee's injury was the negligent maintenance of the vehicle, I believe that appellee's claim does not fall within the motor vehicle exception to governmental immunity. Thus, unlike the majority, I believe that the law, as provided by this Court in Love, mandated that summary judgment should have been entered in favor of the City since the City should have been found to be immune from suit in this case.
*548 I also dissent because I cannot help but believe that the majority's decision eroding the concept of governmental immunity is driven by the need to provide an injured plaintiff with a remedy for his injuries. Like the majority, I believe that it is tragic that appe t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t t tllee in this case suffered an injury caused by the negligent maintenance, not negligent operation, of a City fire rescue vehicle. However, as Justice McDermott so eloquently stated in Love:
In summary, we wish to emphasize that the issue here is not whether one may be tortiously injured entering or alighting from a stopped vehicle. Rather, the issue is the confining question of whether a political subdivision is immunized from suit when one is so injured, notwithstanding what may be the actual tort of their employees. The legislature, for reasons of policy, reasons of policy we are not entitled to dilute for sympathy or even outrage at specific instances of blatant tort, has decided that such an immunity does exist, and we must abide, sometimes leaving dreadful injuries, negligently inflicted, uncompensated. The judicial concept that where there is a wrong there must be a right often depends on the wisdom and large responsibility of the legislature. What rights for what wrongs are generally their prerogative and apportioned in the exercise of their many responsibilities and competing needs. Their task, like ours, is never easy. However, it is our duty to respect and enforce their judgment, even with heavy hearts in particular instances.
Love, 518 Pa. at 375-76, 543 A.2d at 533.
Accordingly, for the reasons expressed above, I dissent.
FLAHERTY, C.J., joins this dissenting opinion.
NOTES
[1] Effective July 1, 1996, Rule 1035 was replaced by Rules of Civil Procedure 1035.1 through 1035.5. The new rules do not apply to this case.
[2] In Love, the plaintiff required help boarding and exiting a City-owned van that transported her to an adult center run by the City. The driver typically parked the van, placed a portable step at its door, and assisted the plaintiff in and out. The plaintiff fell one afternoon when exiting the van. The Court held that the City was immune from suit because the van was not in motion and thus not in operation when the plaintiff was injured. Id.
[3] Similarly, the government is not immune if a plaintiff can establish that an injury was caused by a negligent act "with respect to" other enumerated exceptions. For example, under 42 Pa. Cons.Stat. § 8542(b)(4), the government may be liable for a negligent act with respect to a dangerous condition of trees, traffic controls and street lighting. Suits under this section have often involved negligent maintenance. See, e.g., Dep't of Transportation v. Patton, 546 Pa. 562, 686 A.2d 1302 (1997) (plaintiff allegedly injured by limb of tree that fell on her car due to decay). In addition, we find that dicta in Love, 518 Pa. at 375, 543 A.2d at 533, recognizing the legislature's use of the word "operation" under the Act as compared to the words "maintenance and use" used under a now-repealed section of the No-Fault Act, does not require a contrary result.
[1] Section 8541 provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other persons."
[2] The Pennsylvania No-Fault Act was repealed by the Pennsylvania Motor Vehicle Financial Responsibility Law of February 12, 1984, P.L. 26, effective October 1, 1984.
[3] Courts often use dictionaries as source material when determining the common and approved usage of a word not defined by statute in order to effectuate the tenet of statutory construction that words and phrase not otherwise defined in the statute must be construed in accordance with the rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903.