Joshua D. AIKEN, Appellant,

v.

The BOROUGH OF BLAWNOX, a Political Subdivision; the Borough of Oakmont, a Political Subdivision; the Borough of Tarentum, a Political Subdivision, and; Newcom, a Pennsylvania Partnership of Political Subdivisions.

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1999.

Decided March 15, 2000.

James G. Gordon, Pittsburgh, for appellant.

Mark T. Caloyer, Pittsburgh, for appellees, Borough of Oakmont and Borough of Blawnox.

Before PELLEGRINI, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Court of Common Pleas of Allegheny County (trial court) erred in granting the motions for summary judgment filed by the Boroughs of Blawnox and Oakmont (collectively, Appellees) holding that Appellees are entitled to immunity pursuant to Section 8541 of what is commonly called the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. § 8541. We hold that Appellees are not immune from liability as a matter of law where Joshua D. Aiken (Appellant) alleges that Appellees' police officers negligently maintained a high-speed vehicular pursuit of a fleeing, criminal suspect. Thus, we reverse the order of the trial court and remand this case back to the trial court for further determination.

The relevant facts of this case are as follows. On September 8, 1996, there was a retail theft at a Giant Eagle in Harmar Township. The suspect, a male individual, fled in a Lincoln Town Car with a female passenger. A check on the license plate number established that the vehicle had been reported stolen two (2) days earlier. A police officer from the Borough of Blawnox spotted the Lincoln Town Car and initiated a high-speed pursuit. The pursuit was joined by police officers from the Borough of Oakmont when the fleeing suspect entered into that Borough. Eventually, three (3) police officers from the Borough of Oakmont joined the pursuit.

The pursuit reached speeds of between 90 miles per hour and 100 miles per hour through the residential and commercial districts of Oakmont. The pursuit ended when the Lincoln Town Car collided with the car driven by Appellant. Appellant, who was an innocent bystander, alleges that he is permanently injured as a result of the collision. No contact was made between the police vehicles and the Lincoln Town Car or the car driven by Appellant.

Appellant filed a negligence action against NEWCOM and the Boroughs of Oakmont, Blawnox and Tarentum, alleging that he had been permanently disabled as a result of a negligently maintained high-speed chase. All Defendants filed preliminary objections to the complaint. The preliminary objections of NEWCOM and Tarentum were granted and those parties were dismissed as Defendants because

they are entitled to immunity under the Act. The preliminary objections of Appellees were overruled.

The remaining parties then engaged in discovery. Thereafter, Appellees filed motions for summary judgment alleging that they are entitled to summary judgment on the basis of local agency immunity pursuant to the Act. After hearing arguments, the trial court granted Appellees' motions for summary judgment. Appellant filed a motion for reconsideration, which was denied by the trial court in an opinion dated March 16, 1999. Appellant has appealed that decision to this Court.

On appeal,[1] Appellant argues that Appellees may be liable under the motor vehicle exception of the Act for injuries caused to an innocent motorist by the actions of its police officers in negligently maintaining a high-speed chase of a criminal suspect through residential neighborhoods and commercial districts. We agree.

The trial court held that the decision of the officers to begin and maintain the pursuit of the fleeing criminal suspect does not constitute an exception to immunity under Section 8542(b)(1) of the Act. The amended Section 8542(b)(1) of the Act reads as follows:

> (b) Acts which may impose liability. – The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> (1) Vehicle liability. The operation of any motor vehicle in the possession or control of the local agency, *provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resist-*

*ing arrest by a police officer.* As used in this paragraph, "motor vehicle" means any vehicle which is self propelled and any attachment thereto, including vehicles operated by rail, through water or in the air. (Underlined language identifies the amending language effective September 4, 1995).

The facts presented in the case at bar are very similar to those presented in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992). In *Dickens*, the victim was injured when struck by a motorist attempting to flee the police. On appeal, this Court affirmed the order of the trial court ruling that the allegations of a decision to initiate a pursuit and in failing to exercise due care in a chase could form the basis for a negligence action against a police officer and his employer township, and that these acts do fall within the vehicle liability exception to governmental immunity. *Dickens v. Upper Chichester Township*, 123 Pa.Cmwlth. 226, 553 A.2d 510 (1989). However, the Pennsylvania Supreme Court reversed the decision of this Court and held that the Act barred the imposition of liability on the township and the acts of others are specifically excluded in the general immunity section and may not be imputed to the local agency or its employees. *Dickens*.

Five years later, in *Jones v. Chieffo*, 549 Pa. 46, 700 A.2d 417 (1997), our Supreme Court overruled its decision in *Dickens* stating the following:

> Appellants [including the City of Philadelphia] are correct that this case is similar to *Dickens*. We conclude, however, that *Dickens*, was wrongly decided and over-rule it. We cannot hold as a matter of law that Appellants' alleged negligence was not a substantial factor causing Jones' injuries. A jury must make that determination. Similarly, *Dickens* should have gone beyond the

---

1. In reviewing the trial court's grant of summary judgment, our review is limited to whether there has been an error of law or a

manifest abuse of discretion. *Jones v. Chieffo*, 549 Pa. 46, 700 A.2d 417 (1997).

pleadings stage to discover whether there was support for the plaintiff's allegation that the officer negligently failed to follow pursuit procedures. This result is consistent with *Crowell [v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992) ] and *Powell [v. Drumheller,* 539 Pa. 484, 653 A.2d 619 (1995) ], which established that a governmental party is not immune from liability when its negligence, along with a third party's negligence, causes harm.

*Jones,* 700 A.2d at 420.

Thus, based on our Supreme Court's decision in *Jones* and the fact that our legislature amended the Act to exclude only fleeing criminals and those that aid fleeing criminals from Section § 8542(b)(1), we hold that innocent bystanders, like Appellant, can maintain an action against the government alleging that police officers negligently maintained a high-speed pursuit.

Appellees argue that Appellant's action alleges only that the police officers negligently decided not to terminate their pursuit and such decision making is different than the police negligently operating their vehicles. We see no merit in this argument. Appellees cite as authority for their argument our decision in *Tyree v. City of Pittsburgh,* 669 A.2d 487 (Pa.Cmwlth. 1995). However, in *Tyree,* we were following the then controlling decision of *Dickens.* As stated above, the *Dickens* case was specifically overruled by *Jones.*

There is no legal distinction between the police officers' decision to continue the pursuit and the operation of the vehicles continuing the pursuit. At least, no such distinction can be read into the plain meaning of Section 8542(b)(1) of the Act. Appellant's action alleges that the police officers negligently maintained the high-speed pursuit. The fact that the police officers decided to continue the pursuit does not change the fact that the alleged negligent conduct is the operation of the police vehicles. Appellant alleges that it was the negligent operation of the police

vehicles that caused his injury and that is what the plain language of Section 8542(b)(1) states is an exception to governmental immunity.

Finally, the trial court also held that Appellant's injuries were caused by the superseding negligent conduct of the criminal who was fleeing from the police. Our Supreme Court in *Jones* specifically addressed this argument and held that because a jury could find that the government's actions were a substantial factor causing the harm, the fact that the criminal behavior of another was also the cause, did not relieve the government of liability. In *Jones,* the Court cited with approval the case of *Powell v. Drumheller.* In *Powell,* the Court stated:

> In summation, we do not agree that any violation of a criminal statute constitutes a superseding cause. Instead, the proper focus is not on the criminal nature of the negligent act, but instead on whether the act was so extraordinary as not to be reasonably foreseeable. . . .

> A determination of whether an act is so extraordinary as to constitute a superseding cause is normally one to be made by the jury.

*Powell,* 653 A.2d at 624.

Thus, a jury must decide whether Appellees alleged negligence was a substantial factor causing Appellant's harm and whether the fleeing suspect's actions were a superceding cause.

Accordingly, we reverse the order of the trial court granting Appellees' motions for summary judgment and remand this case back to the trial court for trial.

## ORDER

AND NOW, this 15th day of March, 2000, the order of the Court of Common Pleas of Allegheny County granting the Boroughs of Blawnox and Oakmont's motions for summary judgment is reversed

and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge PELLEGRINI concurs in the result only.